ON MOTION
PER CURIAM.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Khamvisay Sihabouth’s appeal from the Court of Appeals for Veterans Claims’ judgment in Sihabouth v. Nicholson, 04-0232, — Fed. Appx. -, 2006 WL 510058, for lack of jurisdiction. Sihabouth has not responded.
Sihabouth appealed to the Court of Appeals for Veterans Claims from a 2004 Board of Veterans’ Appeals (BVA) decision finding that Sihabouth was not a veteran eligible for benefits within the meaning of the law. Sihabouth asserted that he was a “Lt. Instructor Soldier Commando United States of America” in Laos several years before he immigrated to the United States, but that his “paperwork” had been stolen. BVA denied Sihabouth’s claim for benefits on the ground that his alleged service as a foreign soldier under the instruction of United States military personnel did not qualify him for veteran status. Sihabouth appealed to the Court of Appeals for Veterans Claims, which affirmed the BVA decision. Sihabouth appealed to this court.
Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Veterans Court. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir. 2002) (en banc). This court “may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2).
Sihabouth’s appeal does not satisfy any of the grounds for invoking this court’s jurisdiction. In his informal brief, Sihabouth states only that he wants the court “to grant me the benefits of V.A.” Sihabouth makes no claim that the Court of Appeals for Veterans Claims decision involved the validity or interpretation of a statute or regulation. He further maintains that no constitutional issues were decided in the decision on appeal. It appears that Sihabouth seeks review of the facts of his case and, at most, the application of the law to the facts of his case. In these circumstances, this court lacks jurisdiction to review Sihabouth’s appeal. See 38 U.S.C. § 7292(d).
Accordingly,
*1007 IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) Each side shall bear its own costs.